IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **GREGG TAYLOR,** | ) |
| Plaintiff, | ) Civil Action No.: |
| v. | ) |
| **ARKO VEAL COMPANY, INC. and ARKADY MIRETSKY** | ) **COMPLAINT** |
| Defendants. | ) **JURY DEMAND** |

Plaintiff **GREGG TAYLOR**, by and through his attorneys **JTB LAW GROUP, LLC** and **THE ORLANDO FIRM, P.C.**, hereby brings this Complaint against Defendants **ARKO VEAL COMPANY, INC.** and **ARKADY MIRETSKY** (collectively "Defendants") and states as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action to recover monetary damages, liquidated damages, and costs, including reasonable attorney's fees, as a result of Defendants' willful violations of the Federal Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and attendant regulations at 29 C.F.R. §§ 516, *et seq.*

2. Specifically, Defendants required Plaintiff to work more than forty (40) hours in a workweek, but failed to pay Plaintiff for hours worked in excess of forty (40) at a premium rate not less than one and one-half (1.5) times Plaintiff's regular rate of pay.

3. Plaintiff was a non-exempt maintenance worker entitled to an overtime premium under the FLSA.

4. Defendants paid Plaintiff a fixed salary to compensate him for his regularly scheduled hours regardless of how many hours he worked.

5. Defendants improperly treated Plaintiff as exempt from the overtime requirements of the FLSA.

6. Defendants compensated Plaintiff for work performed outside of his regular schedule on an hourly basis or on a flat rate basis for each assignment.

7. Defendants improperly treated Plaintiff as an independent contractor when paying for work performed outside of his regular hours.

8. As a result of the foregoing, Defendants violated 29 U.S.C. § 207(a)(1), which provides:

> "[N]o employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action involves the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, a federal statute.

10. This Court has personal jurisdiction over Defendant Arko Veal Company, Inc. because it conducts business within and is headquartered in the state of Georgia.

11. This Court has personal jurisdiction over Defendant Arkady Miretsky because he conducts business within and is a resident of the state of Georgia.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c) because a substantial portion of the events that give rise to Plaintiff's claims occurred in this District, and the Defendants are residents of this district.

## **THE PARTIES**

*Plaintiff*

13. Plaintiff is a resident of Brooks County, Georgia.

14. Defendants employed Plaintiff from approximately October 2015 to January 2017.

15. Defendants employed Plaintiff as a maintenance employee.

16. As a maintenance worker, Plaintiff's primary duty was maintaining and repairing machinery and refrigerated trucks.

17. Plaintiff has signed a consent to join form, attached hereto as ***Exhibit 1***.

*Defendants*

18. Defendant Arko Veal Company, Inc. is a Georgia corporation headquartered at 406 Main Street, Forest Park, GA 30297.

19. Defendant Arko Veal Company, Inc.'s primary business is the production and sale of meat products to clients located across multiple states and Canada. http://arkoveal.net/clients_eng.html

20. Defendant Arko Veal Company, Inc. is engaged in commerce and the production of goods for commerce.

21. Defendant Arko Veal Company, Inc.'s revenue exceeds $500,000 per year.

22. Defendant Arkady Miretsky is the owner and Chief Executive Officer of Arko Veal Company, Inc.

23. Defendant Arkady Miretsky is a resident of Georgia.

24. Defendants were Plaintiff's "employer" within the meaning of all applicable statutes.

## FACTUAL ALLEGATIONS

### *Plaintiff's Employment*

25. Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

26. Defendants employed Plaintiff as a maintenance worker.

27. Plaintiff's primary duty was maintaining and repairing machinery and refrigerated trucks.

28. Plaintiff was one of three (3) maintenance workers at Arko Veal's facility at 406 Main Street, Forest Park, GA 30297.

29. At all relevant times, Defendants' maintenance workers, including Plaintiff, were under the supervision and control of maintenance manager Tee Locke and Defendant Arkady Miretsky.

30. Defendant Arkady Miretsky exercised control over significant aspects of Arko Veal Company, Inc.'s day-to-day operations.

31. Defendant Arkady Miretsky exercised control over the compensation of employees including Plaintiff.

32. Defendant Arkady Miretsky has direct responsibility for the supervision of employees including Plaintiff.

33. Defendants required Plaintiff to work a regular schedule consisting of a five (5) day workweek from Monday to Friday. Plaintiff worked from approximately 7:00 AM to 5:00 PM each workday. Plaintiff typically worked for fifty (50) hours each week. Defendants also required Plaintiff to perform work outside of his regular schedule, such as on the weekends.

34. Defendants regularly required Plaintiff to work in excess of forty (40) hours per week. See **Exhibit 2,** *Plaintiff's 2016 Payroll Summary*.

35. Prior to February 2016, Defendants compensated Plaintiff on an hourly rate basis.

36. After February 2016, Defendants compensated Plaintiff on a salary basis for work performed during his regular hours.

37. Plaintiff's duties remained substantially the same after Defendants changed his compensation to a salary basis; to wit, his primary duties still consisted of maintaining and repairing machinery and refrigerated trucks.

38. Plaintiff did not manage other employees.

39. Plaintiff did not customarily and regularly direct the work of two or more employees.

40. Plaintiff did not have the authority to fire or hire other employees.

41. Plaintiff did not have the authority to subject other employees to disciplinary action.

42. Plaintiff's suggestions regarding firing, hiring, and/or discipline of other employees were not given weight by Defendants.

43. In some of the shifts Plaintiff worked outside of his regular schedule, he was misclassified by Defendant as an independent contractor, despite in fact being an employee, and was required to generate invoices for the work performed.

44. Defendants compensated Plaintiff an hourly basis or on a flat rate basis for each assignment for the work Plaintiff performed while misclassified as an independent contractor.

45. Defendants did not pay Plaintiff any overtime compensation for or on account of the hours he worked while misclassified as an independent contractor.

46. During the shifts in which Plaintiff was misclassified as an independent contractor, his duties still consisted primarily of maintenance and repair work.

47. Defendants exercised full control over the assignments Plaintiff performed while misclassified as an independent contractor.

48. Plaintiff did not have the discretion or authority to refuse to perform assignments he was given by Defendants.

49. Defendants provided Plaintiff with the requisite equipment and premises needed to perform work while misclassified as an independent contractor.

50. Plaintiff did not hire additional workers to assist him.

51. Plaintiff's work performed while misclassified as an independent contractor was part of his continuing employment relationship with Defendants.

52. Plaintiff maintained and repaired machinery and refrigerated trucks that are essential to Defendants' business.

53. Throughout his employment, Defendants did not pay Plaintiff for all his hours worked in excess of forty (40) hours per week at an overtime premium rate not less than one and one-half (1.5) times Plaintiff's regular rate of pay.

54. Throughout his employment, Plaintiff did not receive any overtime premium for the substantial number of hours he worked in excess of forty (40) per workweek.

## COUNT 1: FLSA VIOLATION
*29 U.S.C. § 207 – Failure to Pay Overtime Wages*

55. Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

56. 29 U.S.C. § 207(a)(1) provides:

> "[N]o employer shall employ any of his employees … for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

57. 29 C.F.R. § 778.109 provides:

> "The regular hourly rate of pay of an employee is determined by dividing his total remuneration for employment (except statutory exclusions) in any workweek by

the total number of hours actually worked by him in that workweek for which such compensation was paid."

58. Plaintiff is entitled to overtime compensation.

59. Plaintiff regularly worked over forty (40) hours a week as required by Defendants.

60. Defendants failed to pay Plaintiff overtime premium at a rate not less than one and one-half (1.5) times of Plaintiff's regular rate of pay for hours worked in excess of forty (40) per workweek.

61. Defendants improperly compensated Plaintiff as a salaried exempt employee even though Plaintiff's primary duty was maintenance and repair of machinery and refrigerated trucks.

62. Defendants did not pay Plaintiff any overtime compensation for or on account of the hours he worked while misclassified as an independent contractor.

63. Defendants' conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

64. As a result of the foregoing, Plaintiff was illegally denied proper compensation and overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery of total unpaid amounts, liquidated damages, costs, reasonable attorney's fees, and other compensation pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A) An order directing Defendants, at their own expense, to preserve and produce all tangible and electronic documents bearing on the employment and compensation of Plaintiff;

(B)  A declaratory judgment that Defendants' wage practices alleged herein violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, and attendant regulations at 29 C.F.R. §§ 516, *et seq.*;

(C)  Judgment for damages for all unpaid overtime compensation under the FLSA, 29 U.S.C. §§ 201, *et seq.*, and attendant regulations at 29 C.F.R. §§ 516, *et seq.*;

(D)  Judgment for liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq.*, and attendant regulations at 29 C.F.R. §§ 516, *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff during the applicable statutory period;

(E)  An order directing Defendants to pay Plaintiff reasonable attorney's fees and all costs connected with his action;

(F)  Such other and further relief as to this Court may deem necessary, just, and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all questions of fact raised by the complaint.

Dated: July 6, 2017~~July 5, 2017~~

By:  /s Roger W. Orlando
Roger W. Orlando
**THE ORLANDO FIRM, P.C.**
Suite 400
315 West Ponce de Leon Avenue
Decatur, GA 30030
(404) 373-1800 (office)
(404) 373-6999 (fax)
roger@OrlandoFirm.com

Nicholas R. Conlon (will *pro hac vice*)
**JTB LAW GROUP, LLC**

8

155 2nd Street, Suite 4
Jersey City, NJ 07302
(201) 630-0000 (office)
(855) 582-5297 (fax)
nicholasconlon@jtblawgroup.com

*Attorney for Plaintiff*