# EXHIBIT 1

## MUTUAL RELEASE AND SETTLEMENT AGREEMENT

This RELEASE AND SETTLEMENT AGREEMENT (the "Agreement") is made and entered into by and between GREGG TAYLOR, an individual, on behalf of himself, his spouse, agents, representatives, assigns, heirs, executors, administrators, beneficiaries, and trustees ("TAYLOR"), ARKO VEAL INC. ("ARKO VEAL"), and ARKADY MIRETSKY ("MIRESTSKY") (collectively, the "PARTIES").

WHEREAS, a dispute exists between TAYLOR, on the one hand, and ARKO VEAL and MIRETSKY, on the other hand,  arising out of or generally relating to TAYLOR's employment with ARKO VEAL, which resulted in the filing by TAYLOR of a lawsuit styled <u>Gregg Taylor v. Arko Veal Inc. and Arkady Miretsky</u>, Case No. 1:17-CV-02541-TWT in the United States District Court for the Northern District of Georgia (the "Lawsuit"), in which ARKO VEAL filed counterclaims for conversion and unjust enrichment (the "Counterclaims").

WHEREAS, ARKO VEAL and MIRETSKY deny all of TAYLOR's allegations and claims in the Lawsuit, and TAYLOR denies all of ARKO VEAL's allegations in the Counterclaims;

WHEREAS, the PARTIES wish to avoid further litigation and the associated legal costs and expenses; and

WHEREAS, the PARTIES desire, without any concession or admission of unlawful conduct, liability, fault, or wrongdoing by any PARTY, to effect a full, complete, final, and binding settlement and compromise of all claims that TAYLOR may have against ARKO VEAL and MIRETSKY, and/or all claims that ARKO VEAL and MIRETSKY may have against TAYLOR, from the beginning of time through the date of entry of this Agreement, with prejudice.

NOW, THEREFORE, in consideration of the mutual covenants and promises each PARTY has made to the other as set forth in this Agreement, TAYLOR and ARKO VEAL and MIRETSKY agree as follows:

1.     **Dismissal Of The Lawsuit.**  The PARTIES agree to seek dismissal of this Lawsuit with prejudice with the United States District Court for the Northern District of Georgia ("District Court").

2.     **Necessity of Court Approval of Agreement.** The PARTIES shall jointly seek the approval of the District Court of the terms of settlement

Doc ID: 81e3e8d9ca56a4de0cbb3b87036227f2b51b420c

described herein. TAYLOR's attorneys shall prepare a joint motion for approval of the settlement (the "Joint Motion") for comment and approval by Defendants' attorneys, and shall then file the finalized Joint Motion and any other documents necessary to obtain the required approval from the District Court. This Agreement shall be executed by all PARTIES prior to its submission to the District Court. However, this Agreement shall not become effective until the date on which the District Court grants the PARTIES' Joint Motion to approve this Agreement. Should the District Court not approve this Agreement in its entirety for any reason, this Agreement shall be deemed null and void, and shall have no effect whatsoever, notwithstanding the PARTIES' execution of the same.

3.    **General Waiver And Release Of All Claims by TAYLOR.**   In exchange for the consideration described in Paragraph 8 and for the release granted by ARKO VEAL and MIRETSKY in Paragraph 4, TAYLOR irrevocably and unconditionally waives, releases, and forever discharges ARKO VEAL and MIRETSKY and their respective predecessors, successors, all former, current, and future related organizations, companies, divisions, subsidiaries, affiliates, and parents, and collectively, each of their respective former, current, and future directors, officers, shareholders, employees, agents, representatives, attorneys, fiduciaries, assigns, heirs, executors, administrators, beneficiaries, and trustees (collectively the "RELEASED PARTIES"), from any and all claims, charges, complaints, actions, causes of action, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and/or any other liabilities of any kind, nature, description, or character whatsoever, including all statutory, regulatory, constitutional, contractual, or common-law claims for wages, damages, attorneys' fees, unpaid costs, restitution, penalties, interest, or equitable relief, arising under state or federal law, whether known or unknown, suspected or concealed, and whether presently asserted or otherwise, regarding any and all claims that were pled or could have been pled in the lawsuit or that in any way relate to Taylor's employment and/or affiliation with ARKO VEAL, including but not limited to:

- any and all claims arising under the Fair Labor Standards Act or;

- any and all claims that ARKO VEAL and MIRETSKY violated public policy or common law (including, but not limited to, claims for breach of contract, unjust enrichment, quantum

Doc ID: 81e3e8d9ca56a4de0cbb3b87036227f2b51b420c

meruit, intentional or tortious interference with contract or business relations, misrepresentation, fraud, conversion, promissory estoppel, detrimental reliance, wrongful termination, retaliatory discharge, assault, battery, false imprisonment, personal injury, defamation, libel, slander, invasion of privacy, negligence, negligent hiring, retention, or supervision, negligent, reckless, or intentional infliction of emotional distress, and/or mental anguish, conspiracy, or loss of consortium); or

• any and all claims that ARKO VEAL and MIRETSKY violated ARKO VEAL and MIRETSKY's personnel policies, procedures, or handbooks, any covenant of good faith and fair dealing, or any purported contract of employment, express or implied, between TAYLOR and ARKO VEAL and MIRETSKY; or

• any and all claims that ARKO VEAL and MIRETSKY engaged in false or fraudulent acts against the United States Government, retaliated against TAYLOR, or otherwise violated the False Claims Act, 31 U.S.C. § 3729 et seq.; or

• any and all claims that ARKO VEAL and MIRETSKY failed to provide TAYLOR with any benefits pursuant to the terms of any employee benefit plan maintained, administered, sponsored, funded and/or paid, in whole or in part, by ARKO VEAL and MIRETSKY, violated the terms of any such employee benefit plan, breached any fiduciary obligation with respect to such plan, or discriminated against TAYLOR for the purpose of preventing him from obtaining benefits pursuant to the terms of any such plan, or in any way violated any provision of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq.; or

• any and all claims that ARKO VEAL and MIRETSKY retaliated against or discriminated against TAYLOR on the basis of race, sex (including, but not limited to sexual harassment), color, national origin, citizenship, ancestry, religion, disability, handicap, sexual orientation, leave status, genetics, marital status, parental status, veteran status, source of income, union activity, whistle-blower activity, or any other

- 3 -

Doc ID: 81e3e8d9ca56a4de0cbb3b87036227f2b51b420c

basis in violation of any city, local, state, or federal laws, statutes, ordinances, executive orders, regulations, or constitutions or otherwise violated any city, local, state, or federal laws, statutes, ordinances, executive orders, regulations, or constitutions, including, but not limited to, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., the Civil Rights Act of 1866, 42 U.S.C. § 1981, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq., the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq., the Equal Pay Act of 1963, as amended, 29 U.S.C. § 206(d), the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq., the National Labor Relations Act, as amended, 29 U.S.C. § 151 et seq., and the Sarbanes-Oxley Act of  2002, as amended, 18 U.S.C. § 1514A; and

- any and all claims for liquidated damages, interest, costs, attorneys' fees, equitable relief, penalties, or any other types of available recovery relating to all claims released above.

4.     **General Waiver And Release Of All Claims by ARKO VEAL and MIRETSKY.**  ARKO VEAL and MIRETSKY irrevocably and unconditionally waive, release, and forever discharge TAYLOR and all former, current, and future related organizations, companies, divisions, subsidiaries, affiliates, and parents, and collectively, their respective former, current, and future directors, officers, employees, agents, representatives, attorneys, fiduciaries, assigns, heirs, executors, administrators, beneficiaries, and trustees, including but not limited to Taylor Refrigeration, from any and all claims, charges, complaints, actions, causes of action, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and/or any other liabilities of any kind, nature, description, or character whatsoever, including all statutory, regulatory, constitutional, contractual, or common-law claims for wages, damages, attorneys' fees, unpaid costs, restitution, penalties, interest, or equitable relief, arising under state or federal law, whether known or unknown, suspected or concealed, and whether presently asserted or otherwise, regarding any and all claims that were pled or could have been pled in the Counterclaims.

Doc ID: 81e3e8d9ca56a4de0cbb3b87036227f2b51b420c

5.    **Covenant Not To Sue.**  The PARTIES agree not to sue any or all of the RELEASED PARTIES, TAYLOR, or Taylor Refrigeration in any forum for any claim covered by the waivers and releases applicable to them in Paragraphs 3 and 4, except that that any of the PARTIES may bring a claim(s) to enforce this Agreement.  TAYLOR also agrees not to participate in any class or collective action against any or all of the RELEASED PARTIES for any claim covered by those waivers and releases applicable to them in Paragraphs 3 and 4.  If either PARTY violates this Agreement by suing the RELEASED PARTIES, TAYLOR, or Taylor Refrigeration, other than to enforce this Agreement, shall PARTY shall be liable for reasonable attorneys' fees and other litigation costs incurred by the other PARTY in defending against such a lawsuit.

6.    **Rights And Claims Excluded From Waivers And Releases.**  This Agreement does not waive any rights that cannot be waived by law, including TAYLOR's right to file a charge of discrimination with an administrative agency (such as the United States Equal Employment Opportunity Commission ("EEOC")) and TAYLOR's right to participate in any agency investigation or proceeding.  Notwithstanding the foregoing, TAYLOR represents and warrants that he has not filed any claims or charges against ARKO VEAL or MIRETSKY as of or prior to TAYLOR'S execution of this Agreement except with respect to TAYLOR'S filing of the Lawsuit.  Moreover, TAYLOR is hereby waiving, however, any right to recover money in connection with a charge or investigation covered by the waivers and releases applicable to them in Paragraphs 3 - 5.  TAYLOR also is waiving any right to recover money in connection with a charge or lawsuit filed by any other individual, by the EEOC, or by any other city, local, state, or federal agency covered by the waivers and releases applicable to them in Paragraphs 3 - 5, except money properly awarded by the Securities Exchange Commission, or a civil action for false claims brought by TAYLOR and/or the United States government.  In addition, this Agreement shall not affect, alter, amend, or extinguish any vested rights TAYLOR may have under any benefit plans maintained, administered, sponsored, funded, and/or paid, in whole or part, by or on behalf of ARKO VEAL and MIRETSKY for TAYLOR's benefit, and TAYLOR's rights under any such plans shall be determined solely by the terms of such plans.

7.    **Non-Admission Of Liability.**  TAYLOR agrees that ARKO VEAL and MIRETSKY do not admit any allegations made against them in any claims, charges, complaints, actions, causes of action, grievances, controversies, disputes, or demands, including the Lawsuit.  TAYLOR also agrees that nothing contained in this Agreement, nor any of the acts taken thereunder, shall be deemed or

11692448v1

Doc ID: 81e3e8d9ca56a4de0cbb3b87036227f2b51b420c

construed as an admission of liability of any violation of any applicable law, statute, ordinance, order, regulation, or constitution of any kind. ARKO VEAL and MIRETSKY agree that TAYLOR does not admit any allegations made against him in any claims, charges, complaints, actions, causes of action, grievances, controversies, disputes, or demands, including the Counterclaims. ARKO VEAL and MIRETSKY also agree that nothing contained in this Agreement, nor any of the acts taken thereunder, shall be deemed or construed as an admission of liability of any violation of any applicable law, statute, ordinance, order, regulation, or constitution of any kind.

8.    **Consideration.**    In exchange for the promises made by and in consideration for all the terms agreed to by TAYLOR in this Agreement, ARKO VEAL agrees to pay the gross settlement sum of Twenty-Seven Thousand Dollars and No Cents ($27,000.00) within ten (10) business days after all of the following have occurred: (i) TAYLOR signs this Agreement, (ii) TAYLOR and TAYLOR's counsel, JTB Law Group, LLC, complete, execute and submit Forms W-9 to ARKO VEAL and MIRETSKY, and (iii) the Lawsuit has been dismissed with prejudice following the Court's approval of this settlement, as follows:

(a)    The sum of Seven Thousand Dollars and No Cents ($7,000.00) made payable to TAYLOR, associated with the claims asserted in the Lawsuit, fifty percent of which shall be treated as payment for TAYLOR's alleged unpaid wages, and fifty percent of which shall be treated as payment for TAYLOR's alleged liquidated damages and/or interest on back wages. Applicable statutory deductions, including federal income taxes and Social Security taxes, shall be withheld by ARKO VEAL and MIRETSKY from the sum treated as payment for TAYLOR's alleged unpaid wages, and ARKO VEAL and MIRETSKY shall issue a Form W-2 to TAYLOR in connection with the payment of this sum.  ARKO VEAL and MIRETSKY shall issue a Form 1099 to TAYLOR in connection with the payment for TAYLOR's alleged liquidated damages and/or interest on back wages.  TAYLOR agrees to indemnify and hold ARKO VEAL and MIRETSKY harmless for any tax liability, penalty, interest, cost, or expense incurred by it as a result of the fact that it did not deduct federal income taxes, Social Security taxes, or other withholdings from the sum treated as payment for TAYLOR's alleged liquidated damages

11692448v1

Doc ID: 81e3e8d9ca56a4de0cbb3b87036227f2b51b420c

and/or interest on back wages, or otherwise treat the entire sum paid to TAYLOR as taxable wages to TAYLOR;

(b) The sum of Twenty Thousand Dollars and No Cents ($20,000.00) as payment for TAYLOR's attorneys' fees and expenses associated with the Lawsuit, made payable to JTB LAW GROUP, LLC. ARKO VEAL, and MIRETSKY will issue Forms 1099 to JTB LAW GROUP, LLC in connection with this payment and to TAYLOR for his share of this payment;

9. **Employment Relationship Between TAYLOR And ARKO VEAL and MIRETSKY**. TAYLOR agrees to relinquish any and all rights to reemployment or reinstatement with ARKO VEAL and MIRETSKY and to never seek or apply for rehire or employment in any capacity or position with ARKO VEAL and MIRETSKY and their companies, divisions, subsidiaries, and parents, either directly, through a temporary agency, or by any other method. TAYLOR also agrees that he shall not accept employment in any capacity or position with ARKO VEAL and MIRETSKY or their companies, divisions, subsidiaries, affiliates, and parents at any time after the execution of this Agreement.

10. **Other Agreements By TAYLOR**. TAYLOR also agrees that:

(a) He is entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance. TAYLOR has not been coerced, threatened, or intimidated into signing this Agreement;

(b) He has been advised to consult with, and has in fact consulted with, his lawyers prior to signing this Agreement;

(c) He is not otherwise entitled to the consideration described in Paragraph 8;

(d) He has not suffered any on-the-job injury for which he has not already filed a workers' compensation claim; and

11. **Agreement Not to Publicize Settlement**. The PARTIES agree that they shall keep strictly confidential all discussions, conversations, and negotiations leading to the execution of this Agreement. The PARTIES also agree that they will not, directly or indirectly, publicize, discuss, disclose, or in any way convey information about the settlement to anyone in particular or to the public at large, whether in writing, orally, or electronically (including online,

- 7 -

Doc ID: 81e3e8d9ca56a4de0cbb3b87036227f2b51b420c

web, or internet postings; social media pages; and blogs), except as required by court order or otherwise by law.  For example, the Parties shall not post or otherwise publicize information related to the Lawsuit, or this Agreement on any blogs, websites, or social media sites—including, but not limited to, Twitter, Facebook, LinkedIn, MySpace, Instagram, Topix, Reddit, and Tumblr.  Nothing contained in this Agreement prohibits or restricts any PARTIES (or their attorneys) from initiating communications directly with, or responding to any inquiry from, or providing testimony before, the Securities and Exchange Commission, the Financial Industry Regulatory Authority, the National Labor Relations Board (NLRB), the EEOC, or any self-regulatory organization or governmental authority charged with the enforcement of any laws. Nothing in this Section 11 shall prevent any PARTY from disclosing the terms of this agreement to his attorneys, tax advisor, or spouse, provided however that such attorneys, tax advisors and/or spouse agree to be bound by the same obligations not to publicize this Agreement as the disclosing PARTY, or in response to legal process compelling the disclosure of the terms of this Agreement.

12.    **Applicable Law**.  This Agreement shall be interpreted under the laws of the State of Georgia, without regard to its choice of law provisions.

13.    **Counterparts.**  This Agreement may be executed in counterparts, and each executed counterpart shall have the same force and effect as an original instrument, as if all of the parties to all of the counterparts had signed the same instrument.  E-mailed or faxed signatures shall be considered the equivalent of an original signature.

14.    **Entire Agreement.**  This Agreement sets forth the entire agreement between TAYLOR and ARKO VEAL and MIRETSKY regarding their settlement, and supersedes any other written or oral statements, representations, communications, understandings, and agreements.   No amendment or modification of the terms of this Agreement shall be binding on the PARTIES unless reduced to writing and signed by TAYLOR and ARKO VEAL and MIRETSKY.

15.    **Severability.**  TAYLOR and ARKO VEAL and MIRETSKY agree that if any phrase, clause, or provision of this Agreement is declared to be illegal, invalid, or unenforceable by a court of competent jurisdiction, such phrase, clause, or provision shall be deemed severed from this Agreement, but will not affect any other provisions of this Agreement, which shall otherwise remain in full force and effect.  If any phrase, clause, or provision in this Agreement is deemed to be unreasonable, onerous, or unduly restrictive by a court of

11692448v1

Doc ID: 81e3e8d9ca56a4de0cbb3b87036227f2b51b420c

competent jurisdiction, it shall not be stricken in its entirety and held totally void and unenforceable, but shall remain effective to the maximum extent permissible within reasonable bounds.  If any waiver, release, or covenant not to sue set forth in Paragraphs 3 - 5 is deemed to be illegal, invalid, or unenforceable in whole or in part,  the PARTIES' obligations under this Agreement shall be nullified.

_____
GREGG TAYLOR

Date: ___02/06/2018_____

_____
ARKO VEAL COMPANY and
ARKADY MIRETSKY

_____
Title

Date: _____

11692448v1

Doc ID: 81e3e8d9ca56a4de0cbb3b87036227f2b51b420c

competent jurisdiction, it shall not be stricken in its entirety and held totally void and unenforceable, but shall remain effective to the maximum extent permissible within reasonable bounds.  If any waiver, release, or covenant not to sue set forth in Paragraphs 3 - 5 is deemed to be illegal, invalid, or unenforceable in whole or in part,  the PARTIES' obligations under this Agreement shall be nullified.

_____
GREGG TAYLOR

Date: _____

_____
ARKO VEAL INC.

_____
Title

Date: _____

_____
ARKADY MIRETSKY

Date: _____

- 9 -

11692448v2