IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **GREGG TAYLOR,** | |
| Plaintiff, | Case No. 1:17-CV-02541-TWT |
| vs. | |
| **ARKO VEAL, INC., and ARKADY MIRETSKY,** | |
| Defendants. | |

## JOINT MOTION TO APPROVE SETTLEMENT AND INCORPORATED BRIEF IN SUPPORT

Plaintiff Gregg Taylor and Defendants Arko Veal, Inc., Inc., and Arkady Miretsky (Plaintiff and Defendants may be collectively referred to herein as the "Parties"), by and through their undersigned counsel, hereby file this Joint Motion to Approve Settlement and Incorporated Brief in Support pertaining to the above-captioned case.

## I.    FACTUAL BACKGROUND

On July 6, 2017, Plaintiff filed his Complaint seeking the recovery of alleged overtime compensation, liquidated damages, and reasonable attorneys' fees and costs. (*See* Complaint, Dkt. 1). More specifically, Plaintiff alleges that he worked without being paid the correct overtime premium rate of time and one-half his regular rate of pay for all hours worked in excess of forty (40) hours within a workweek. Further, Plaintiff alleges that Defendants improperly classified Plaintiff

as an independent contractor.

Defendants have at all times denied that they violated the FLSA and denied any wrongdoing. (Defendants' Answer, Dkt. 10). Specifically Defendants contend that Plaintiff's claims are barred because Plaintiff was an exempt employee of Defendants and that to the extent Plaintiff was classified as an independent contractor with respect to certain work, such classification was proper. Thus, a *bona fide* dispute between the Parties exists regarding whether Plaintiff was properly classified and paid for all time worked under the FLSA.

Further, Defendants asserted Counterclaims for conversion and unjust enrichment, based on their allegation that Plaintiff sold property belonging to Arko Veal and kept the proceeds. Although the Counterclaims were dismissed due to lack of subject matter jurisdiction, (Dkt. 21), Defendants intended to re-file the Counterclaims in state court if this matter did not settle.

In discussing potential early resolution of this matter, Counsel for both Parties devoted substantial resources to reviewing documents relating to the work Plaintiff completed during his employment, including Plaintiff's work records, payroll records, and other documents reflecting Plaintiff's job duties. The Parties discussed these documents and the circumstances surrounding Plaintiff's employment. Counsel also discussed the amount Defendants alleged was owed for their Counterclaims, and factored the value of Plaintiff's release therefrom into

their respective evaluations of the settlement amount. This voluntary exchange of detailed factual information helped each party understand and assess the details of the other's respective positions as to the legal and factual merits of the claims and defenses at issue in this action.

Under the Parties' proposed settlement, Plaintiff agrees to release "any and all claims that were pled or could have been pled in the lawsuit or that in any way relate to Taylor's employment and/or affiliation with" Defendants, and in exchange Defendants will pay $7,000 to Plaintiff and $20,000 to Plaintiff's counsel for attorneys' fees and costs, and will provide a mutual release of Plaintiff and Taylor Refrigeration (Plaintiff's former business entity) from any and all liability for Defendants' Counterclaims or any other claims. *See* Settlement Agreement ("Agreement") attached as **Exhibit 1**. Although Defendants maintain that they are not liable to Plaintiff and therefore Plaintiff is not entitled to the benefits conferred upon them in the Agreement, they agreed to conclusively resolve this litigation under the terms set forth in the Parties' Agreement in order to avoid additional litigation costs, attorneys' fees and business disruption.

The Parties first negotiated the amounts payable to the Plaintiff. Plaintiff and his counsel determined the amounts to be paid to him as compensation for his lost wages are reasonable in light of all of the applicable variables, including the challenges of proving the hours Plaintiff worked, the likelihood of success on

merits against Defendants' defenses, and the overall risk/ benefit calculation regarding the range of possible outcomes of continuing litigation versus the certainty of settlement. The Parties separately negotiated Plaintiff's attorney fees and costs. The amount of attorney fees and costs agreed upon is reasonable for the rate established in this district. The amount paid to the Plaintiff in this settlement was not reduced because of the attorney fees and costs.

The Parties agree that the instant action involves disputed issues and that the Agreement they have reached in this action represent a fair and equitable resolution of this matter. The terms of the Agreement are contingent upon approval by the Court. Thus, the Parties respectfully request that the Court review and approve the Agreement and issue an Order dismissing this action with prejudice.

## II.   ARGUMENT

### A. Approval of the Terms of the Settlement Agreement

In accordance with Eleventh Circuit precedent, judicial review and approval of an FLSA settlement provides final and binding effect. *Lynn's Food Stores, Inc v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in *Lynn's Food*:

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . . The only other route for compromise of FLSA claims is

4

> provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id.* at 1352–53.

Pursuant to *Lynn's Food*, the Court should review the Parties' Settlement Agreement to determine if it is "a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Id.* at 1355. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation. *Id.* at 1354. In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

(1)   the existence of fraud or collusion behind the settlement;

(2)   the complexity, expense, and likely duration of the litigation;

(3)   the stage of the proceedings and the amount of discovery completed;

(4)   the probability of plaintiff's success on the merits;

(5)   the range of possible recovery; and

(6)   the opinions of the counsel.

*See Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th

Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2–3 (M.D. Fla. Jan. 8, 2007). There is a presumption in favor of approving a settlement as fair, but court review is appropriate to ensure fairness to the parties. *In re Dollar Genera Stores FLSA Litig.,* 2011 WL 3904609, *2 (E.D.N.C. Aug. 23, 2011).

**B. The Settlement is Fair, Just, and Reasonable.**

In this case, the proposed settlement is fair, just, and reasonable.  At all times during this litigation, Plaintiff and Defendants have been represented by counsel experienced in the litigation of FLSA claims and the final Agreement were the subject of arms-length negotiations. The Parties therefore respectfully submit that the Agreement they have entered into is consistent with the intent and purpose of the FLSA and the requirements of Lynn's Food, and all of the relevant criteria support approval of the ultimate settlement in this matter.

Additionally, there has been no collusion, fraud, or any other inappropriate conduct by either Plaintiff or Defendants in this case, and the settlement was ultimately agreed upon after Plaintiff reviewed the information produced by Defendants.  Courts have found no fraud or collusion where both Parties were represented by counsel and the amount to be paid to the plaintiff seemed fair.

Defendants dispute Plaintiff's allegations and deny they owe wages as defined by the FLSA but, following negotiation, Defendants have agreed to pay

6

Plaintiff a settlement to avoid the uncertainty and expense of further litigation of this matter. Given that representation and the litigation risks faced by each party, the Parties agreed to compromise and negotiate a fair settlement for all parties involved. Each party was independently represented by counsel with experience in litigating claims under the FLSA, and each counsel was obligated to and did vigorously represent their client's rights.

Here, in exchange for a general release of all claims between these parties, Defendants agrees to pay Plaintiff, Seven Thousand Dollars and No Cents, ($7,000.00) in damages, representing unpaid wages and liquidated damages. (Agreement, ¶ 8(a)). The Parties and their respective counsel stipulate through negotiation and with the input, direction and authorization of Plaintiff and Defendants that the Agreement is a fair and reasonable settlement of Plaintiff's alleged overtime claim.

The Agreement further provides for payment of Twenty Thousand Dollars, ($20,000.00) to Plaintiff's counsel for attorneys' fees and costs. (Agreement, ¶ 8(b)). The Parties agree that the amount of attorneys' fees sought is reasonable, and in fact represents a significant discount to the amount that plaintiff's counsel would seek by applying a traditional lodestar calculation.

Based on the amounts to be paid to Plaintiff, as well as the separate amounts to be paid to Plaintiff's counsel, the Parties believe it is apparent that there was no

fraud or collusion. The probability of success on the merits and length of future litigation also militate in favor of this settlement. If the Parties continued to litigate this matter, they would be forced to engage in costly litigation in order to prove their claims and defenses.

The Parties jointly agree that the terms of their settlement are appropriate in light of all of the facts and legal standards applicable in this case, and both the cost of protracted litigation and the risk of each side winning or losing were taken into account in the Parties agreeing upon the resolution memorialized in their Agreement. The Parties further believe there has been sufficient investigation and exchange of information to allow counsel for Plaintiff and Defendants to evaluate the Parties' claims and defenses and make recommendations to reach a fair and reasonable resolution of this matter. In light of the Parties' continued discussions, they have compromised their respective positions based upon information exchanged.

While the release by Plaintiff includes claims not presently asserted in the lawsuit, the Parties submit that the facts of this case warrant approval of a broad release, given that the release extends mutually to Defendants' Counterclaims and other potential claims against Plaintiff and Taylor Refrigeration. *See Middleton v. Sonic Brands L.L.C.*, No. 6:13-cv-386-Orl-28KRS, 2013 U.S. Dist. LEXIS 129042, at *9 (M.D. Fla. Aug. 22, 2013) (noting that "[a] number of cases have

8

approved settlement agreements when the employee received additional consideration in exchange for concessions to the employer that were beyond the FLSA claim" and collecting cases); *see also Bright v. Mental Health Resource Center*, No. 3:10-cv-427-J-37TEM, 2012 U.S. Dist. LEXIS 33929, 2012 WL 868804, at *5 (M.D. Fla. Mar. 14, 2012) (approving the settlement agreement as to one employee who signed a general release in exchange for the employer foregoing its counterclaims against her); *Wingrove v. D.A. Techs., Inc.*, No. 1:10-CV-3227, 2011 WL 7324219, at *3 (N.D. Ga. Feb. 14, 2011) (approving FLSA settlement where the settlement was found fair and encompassed a general release); *Warner v. Complete Cash Holdings, LLC*, No. 4:10-CV-0021, 2011 WL 13161934 (N.D. Ga. Mar. 24, 2011) (same).

This settlement, therefore, is a reasonable means for both Parties to minimize future risks and litigation costs. Finally, the Parties jointly advise the Court that this motion and the Mutual Release and Settlement Agreement being submitted for review and approval by the Court includes every term and condition of the Parties' settlement, such that there are no outside terms or agreements other than those being provided to the Court for review.

## III.   **CONCLUSION**

THEREFORE, based on the foregoing, the Parties jointly believe the settlement terms are fair, reasonable, and adequate and aimed at furthering

9

implementation of the FLSA in the workplace. Accordingly, the Parties respectfully request that the Court grant this Joint Motion to Approval Settlement because the Parties have settled all claims, enter the Proposed Order approving the FLSA Mutual Release and Settlement Agreement and dismissing this action with prejudice.

Respectfully submitted on March 8, 2018

/s/ Nicholas Conlon

Nicholas Conlon
JTB LAW GROUP, LLC
155 2nd St., Suite 4
Jersey City, NJ 07302
T: (877) 561-0000
F: (855) 582-5297
nicholasconlon@jtblawgroup.com

*Lead Counsel for Plaintiff*

Roger Orlando
THE ORLANDO FIRM, P.C.
315 W. Ponce de Leon Avenue
Suite 400
Decatur, GA 30030
T: +1 (404) 373-1800
F: +1 (404) 373-6999
roger@orlandofirm.com

*Local Counsel for Plaintiff*

/s/ Henry M. Perlowski

Henry M. Perlowski
Edward P. Cadagin
ARNALL GOLDEN GREGORY LLP
171 17th Street NW, Suite 2100
Atlanta, Georgia 30363
T: (404) 873-8500
F: (404) 873-8501
henry.perlowski@agg.com
Edward.cadagin@agg.com

*Lead Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 8, 2018, I electronically filed the foregoing ***JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT*** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record:

| | | |
|---|---|---|
| \_\_\_\_ U.S. MAIL | \_\_\_\_ | FACSIMILE |
| X   ECF FILING | \_\_\_\_ | HAND DELIVERY |
| \_\_\_\_ E-MAIL | \_\_\_\_ | FEDERAL EXPRESS |

/s Nicholas Conlon
Nicholas Conlon

11